# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOSE A. QUINTERO,

    Petitioner,

v.                                    CASE NO.   4:08cv318-RH/MD

WALTER A. McNEIL,

    Respondent.

_____/

## ORDER DENYING PETITION

      This federal habeas challenge to a state-court conviction for sexual battery on a child under age 12 is before the court on the magistrate judge's report and recommendation (document 22) and the objections (document 23). I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and will be accepted with this additional note.

      The petitioner Jose A. Quintero was charged with sexual battery on a single child victim. The state trial court admitted evidence not only that Mr. Quintero committed sexual batteries on the single victim but also that he committed repeated sexual batteries years earlier on another child victim. Mr. Quintero asserts that the

admission of this other-act evidence was unconstitutional. The report and recommendation notes that the claim was articulated somewhat differently on direct appeal than in Mr. Quintero's second state-court collateral attack and in the case at bar. I treat the issue as sufficiently raised on direct appeal and thus as not procedurally defaulted.

In child-sexual-abuse prosecutions, the Florida legislature has broadened the admissibility of evidence that the defendant committed other acts of child sexual abuse. One could argue both sides of the wisdom of the decision. And one could argue both sides of the question whether the other-act evidence was properly admitted in Mr. Quintero's trial, even under the broadened standard. If the issue in this habeas case was the admissibility of the evidence under state law, I probably would hold the evidence admissible, just as did the state trial judge.

The issue here, though, is not the admissibility of the other-act evidence under state law. Federal habeas relief of course is not available for violations of state law.

Nor is the issue here whether the United States Constitution prohibited admission of the other-act evidence. Under the Anti-Terrorism and Effective Death Penalty Act, the issue is only whether the state courts' rejection of the constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court,

or was based on an unreasonable determination of the facts in light of the evidence presented in state court.  *See* 28 U.S.C. § 2254(d).

No decision of the Supreme Court suggests that admitting the other-act evidence in this case was unconstitutional.  The state courts' rejection of Mr. Quintero's constitutional claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Nor was the decision based on an unreasonable determination of the facts.  Mr. Quintero plainly is not entitled to federal habeas relief.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The clerk must enter judgment stating, "The petition challenging the convictions and sentences in the Circuit Court, Liberty County, Florida, case number 02-34, is DENIED with prejudice."  The clerk must close the file.

SO ORDERED on June 23, 2009.

s/Robert L. Hinkle  
United States District Judge