**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**JOSE A. QUINTERO,**

      **Petitioner,**

**vs.**                                        **Case No. 4:08cv318-RH/CAS**


**MICHAEL D. CREWS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Relief from Judgment filed by Petitioner Jose A. Quintero, pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6). Doc. 44. Petitioner, proceeding pro se, seeks to reopen his case, requesting reconsideration of this Court's decision finding him not entitled to habeas corpus relief and denying his petition filed pursuant to 28 U.S.C. § 2254. *Id*. at 1, 5, 18; *see* Doc. 22 (Report and Recommendation to deny § 2254 petition); Doc. 24 (Order accepting Report and Recommendation, with additional note). Petitioner also filed a Notice of Supplemental Authority. Doc. 45. After direction by this Court, Doc. 47, Respondent filed a Response

to 60(b) motion on May 20, 2013, Doc. 48. On June 7, 2013, Petitioner filed a Reply to State's Response. Doc. 49.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. *See* Doc. 46. As explained below, Petitioner's Rule 60(b) motion should be denied.

## Background

On June 11, 2003, a jury in the Liberty County Circuit Court found Petitioner guilty of two counts: (1) sexual battery on a child under twelve (12) years of age by a defendant eighteen (18) years of age or older; and (2) lewd or lascivious molestation of a child by a defendant eighteen (18) years of age or older. Docs. 22 (Report and Recommendation to deny § 2254 petition), 24 (Order accepting Report and Recommendation, and denying § 2254 petition). The state trial court sentenced Petitioner to life in prison on Count 1 and 104.4 months in prison on Count 2, to run concurrently. Doc. 22 at 2. Petitioner filed a direct appeal to the First District Court of Appeal (DCA) and that court affirmed his convictions and sentences in an opinion issued December 30, 2004, with one judge dissenting. *See id.*; Quintero v. State, 889 So. 2d 1013 (Fla. 1st DCA 2004). On April 25, 2005, the Florida Supreme Court declined to accept jurisdiction and denied Petitioner's request for review. Doc. 22 at 2; Quintero v. State, 902 So. 2d 791 (Fla. 2005) (table).

On August 19, 2005, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 22 at 2. The state post-conviction trial court denied relief, and the First DCA affirmed without a written opinion. *Id.*; *see*

<u>Quintero v. State</u>, 926 So. 2d 1276 (Fla. 1st DCA 2006) (table). The mandate issued on May 8, 2006. Doc. 22 at 2.

On April 26, 2006, Petitioner filed in the First DCA a habeas corpus petition alleging ineffective assistance of appellate counsel. *Id.* The First DCA denied that petition on June 20, 2006. *Id*.; *see* <u>Quintero v. State</u>, 931 So. 2d 254 (Fla. 1st DCA 2006).

On August 16, 2006, Petitioner filed another Rule 3.850 motion in the state trial court. Doc. 22 at 2. The state post-conviction trial court denied that motion as procedurally barred. *Id*. On appeal, the First DCA affirmed the order without a written opinion on November 29, 2007. *Id*.; *see* <u>Quintero v. State</u>, 969 So. 2d 1023 (Fla. 1st DCA 2007) (table). The mandate issued on December 28, 2007. Doc. 22 at 2.

On August 8, 2007, Petitioner filed a motion for DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. *Id.* That motion was denied and, on appeal, the First DCA affirmed without a written opinion on August 25, 2008. *Id*.; *see* <u>Quintero v. State</u>, 989 So. 2d 642 (Fla. 1st DCA 2008) (table). The mandate issued on September 22, 2008. Doc. 22 at 3.

On July 10, 2008, Petitioner timely initiated a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. *Id*.; Docs. 1 (§ 2254 petition), 5 (amended § 2254 petition). Petitioner raised seven grounds:

(1) Denial of due process - Count 1 of the Information cannot support a conviction where penetration was alleged and the evidence presented did not support a finding of penetration sufficient to permit a conviction;

(2)  Denial of due process - the State erred in joining two or more distinct offenses in one count of the Information;

(3) Denial of due process - fundamental error occurred in the prosecution for sexual battery upon a child where the court instructed that union in the sense of coming into contact was an alternative to the element of penetration;

(4) Denial of due process and a fair trial - Petitioner's constitutional rights to a fair trial were violated when collateral crime evidence was admitted in which Petitioner was never charged;

(5)  The amended information and the State's seeking of the maximum sentence arose out of vindictiveness by the state attorney;

(6)  Trial counsel was ineffective for failing to object and argue a "<u>Frye</u>" test issue and move for a mistrial; and

(7) The weight of the evidence does not support a verdict of guilt in a case where actual innocence has been articulated from the beginning.

Doc. 22 at 9, 20-21.

In the Report and Recommendation, the magistrate judge found only one ground, Ground 4, arguably entitled to merits review. *Id*. at 9.  The magistrate judge discussed this ground and found it "was presented to the state court in petitioner's second Rule 3.850 motion, not in his direct appeal" and, accordingly, considered Ground 4 procedurally defaulted. *Id*. at 14.  The magistrate judge then discussed the merits of Ground 4 and determined it did not warrant federal habeas relief. *Id*. at 14-22.

As to the remaining grounds, the magistrate judge found them procedurally defaulted.  Doc. 22 at 20-22.  In particular, for Grounds 1, 2, and 3, the magistrate judge explained that Petitioner raised these grounds in his first Rule 3.850 motion, and the state post-conviction trial court denied them as procedurally barred, finding they

could have or should have been raised in the direct appeal, and the First DCA affirmed that order on appeal. *Id*. at 21. For Grounds 5, 6, and 7, the magistrate judge explained that Petitioner had raised these grounds in his second Rule 3.850 motion, which the state post-conviction trial court denied as procedurally barred because it was successive, an abuse of process, and untimely, and the First DCA affirmed that order on appeal. *Id*. at 22. Thus, for all these remaining grounds, the state's procedural bar rested on adequate state grounds independent of the federal question, the grounds were procedurally defaulted, and Petitioner was not entitled to federal habeas review of these claims. *Id*. at 21-22.

Petitioner filed objections to the report and recommendation. Doc. 23. On June 23, 2009, Judge Hinkle entered an order denying the § 2254 petition. Doc. 24. Judge Hinkle found the report and recommendation was correct and accepted it with a note concerning Ground 4:

> The petitioner Jose A. Quintero was charged with sexual battery on a single child victim. The state trial court admitted evidence not only that Mr. Quintero committed sexual batteries on the single victim but also that he committed repeated sexual batteries years earlier on another child victim. Mr. Quintero asserts that the admission of this other-act evidence was unconstitutional. The report and recommendation notes that the claim was articulated somewhat differently on direct appeal than in Mr. Quintero's second state-court collateral attack and in the case at bar. I treat the issue as sufficiently raised on direct appeal and thus as not procedurally defaulted.
>
> In child-sexual-abuse prosecutions, the Florida legislature has broadened the admissibility of evidence that the defendant committed other acts of child sexual abuse. One could argue both sides of the wisdom of the decision. And one could argue both sides of the question whether the other-act evidence was properly admitted in Mr. Quintero's trial, even under the broadened standard. If the issue in this habeas case

was the admissibility of the evidence under state law, I probably would hold the evidence admissible, jut as did the state trial judge.

The issue here, though, is not the admissibility of the other-act evidence under state law. Federal habeas relief of course is not available for violations of state law.

Nor is the issue here whether the United States Constitution prohibited admission of other-act evidence. Under the Anti-Terrorism and Effective Death Penalty Act, the issue is only whether the state courts' rejection of the constitutional claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d).

No decision of the Supreme Court suggests that admitting the other-act evidence in this case was unconstitutional. The state courts' rejection of Mr. Quintero's constitutional claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor was the decision based on an unreasonable determination of the facts. Mr. Quintero plainly is not entitled to federal habeas relief.

Doc. 24 at 1-3.

Petitioner filed a notice of appeal, Doc. 26, and a motion for certificate of appealability, Doc. 27. By order entered July 28, 2009, Judge Hinkle denied the motion for certificate of appealability. Doc. 29. On August 8, 2009, Petitioner sought leave to proceed in forma pauperis on appeal. Doc. 32. The Eleventh Circuit dismissed the appeal for want of prosecution on August 18, 2009, because Petitioner failed to pay the docketing and filing fees. Doc. 33. By order dated August 26, 2009, Judge Hinkle denied leave to proceed in forma pauperis on appeal and noted the Eleventh Circuit's dismissal of the appeal for failure to pay the fees. Doc. 34.

The Eleventh Circuit clerically reinstated the appeal.  Doc. 36.  By order dated

November 10, 2009, the Eleventh Circuit denied Petitioner's motion for certificate of

appealability.  Doc. 41.  On January 8, 2012, the Eleventh Circuit denied Petitioner's

motion for reconsideration.  Doc. 43.  Almost three years later, on December 21, 2012,

Petitioner filed the subject motion for relief from judgment pursuant to Rule 60(b)(5)-(6).

Doc. 44.

## Rule 60(b) Motion

In his Rule 60(b) motion, Petitioner seeks to reopen his case, alleging "[i]t is no

longer equitable that the judgment should have prospective application in light of U.S.

Supreme Court rulings in Holland v. Florida, 130 S.Ct. 2549 (2010), and Martinez v.

Ryan, 132 S.Ct. 1309 (2012), where Quintero never had the assistance of counsel in

presenting his claims of ineffective assistance of trial counsel to the Florida courts or to

the federal courts."  Doc. 44 at 1.  Quintero asserts that "Holland and Martinez need not

have retroactive effect to justify reopening his case because the U.S. Supreme Court

clarified its traditional holdings that habeas corpus proceedings are subject to equitable

review by federal courts in these two opinions," while acknowledging that "[n]o new

'constitutional' law was announced."  Id. at 1-2.

In particular, Quintero argues this court, "[u]nder principles of fairness and

equity," should now permit him to reopen his habeas petition and present his ineffective

assistance of counsel claims with the assistance of counsel.  Id. at 2, 5.  Quintero

indicates that he is Hispanic and his basic language is Spanish.  Id. at 3.  Quintero

further indicates that, if he had "been assisted by competent counsel or clerks 'trained

in the law' the following points would have been included in his petition for a writ of

habeas corpus": (1) ineffective assistance of appellate counsel for failure to make the

Frye argument on direct appeal concerning the testimony of expert witness Ellis; and

(2) ineffective assistance of trial counsel for failure to argue against the admissibility of

expert Ellis's testimony. *Id*. at 7-12. Quintero also appears to assert a claim alleging

insufficiency of the charging information and trial counsel's failure to object thereto, as

well as trial counsel's failure to challenge the jury verdicts on double jeopardy grounds.

*Id*. at 13-18. Quintero indicates that he "does not assert that the issues are adequately

presented here, but instead shows why he has always needed the assistance of

counsel to present his claims to the courts." *Id*. at 16. Quintero requests the court to

reopen his case for a determination on the merits "of the previously held time barred

claims." *Id*. at 18.

In its response, Respondent first asserts that this court lacks subject matter

jurisdiction to consider Petitioner's Rule 60(b) motion. Doc. 48 at 10-11. Respondent

argues that Quintero's motion is actually a successive habeas petition for which he

must seek permission from the Eleventh Circuit. *Id*.

Respondent next asserts Quintero is not entitled to relief under Rule 60(b)(5). *Id*.

at 11-12. Respondent indicates the first two sections of that provision do not apply here

because Quintero's judgment has not been satisfied, released, or discharged, nor is it

based on an earlier judgment that has been reversed or vacated. *Id*. at 12. Further, as

to the third section of the provision, the judgment at issue is the denial of habeas relief

and that judgment is not prospective within the meaning of Rule 60(b)(5). *Id*.

Finally, Respondent asserts Quintero is not entitled to relief under Rule 60(b)(6). *Id*. at 13-19. Respondent argues Quintero's request, to the extent it is based on the Holland decision, should be considered untimely. *Id*. at 13-14. Respondent further argues that Quintero has failed to establish how that decision constitutes an intervening change in the law to warrant relief under Rule 60(b) here and, even if it does constitute an intervening change, it does not amount to an extraordinary circumstance for purposes of the rule. *Id*. at 14-15.

Respondent asserts that, to the extent Quintero's request is based on the Martinez decision, that decision also does not constitute an intervening change in the law and Quintero has failed to otherwise demonstrate an extraordinary circumstance for purposes of the rule. *Id*. at 16-18. Respondent points out that the Fifth, Eighth, and Tenth Circuits have held that Martinez does not apply to states which permit defendants to raise claims of ineffective assistance of counsel on direct appeal, even where the claims are more usually raised during post-conviction proceedings. *Id*. at 17 (citing cases). Respondent indicates that in Florida, claims of ineffective assistance of counsel can be presented on direct appeal; therefore, Martinez does not apply. *Id*. at 17-18. Respondent alternatively argues that Quintero fails to demonstrate his new claims are substantial as required under Martinez. *Id*. at 19. Respondent asserts that all of the claims involve issues which would appear on the face of the record and, as such, would be subject to summary denial by the state court. *Id*.

In his reply, Quintero points out a typographical error on Respondent's certificate of service. Doc. 49 at 1. Quintero then argues alleged errors in the report and

recommendation prepared by the magistrate judge concerning the similar fact evidence claim. *Id*. at 2. Quintero takes issue with Respondent's assertion that claims of ineffective assistance of counsel can be presented on direct appeal and argues this is true only for exceptions to the general rule that such claims are usually raised in a Rule 3.850 motion, such as where the ineffectiveness is apparent on the face of the record. *Id*. at 3. Quintero cites to Florida case law and argues his claims of ineffective assistance at trial do have merit. *Id*. at 5–7. Quintero indicates he did not present further grounds for relief because this court did not rule on the merits of the issues presented in his § 2254 petition but found instead that they were procedurally barred, and the issue here challenges the correctness of that ruling. *Id*. at 7.

Quintero maintains this court has jurisdiction to decide his Rule 60(b) motion and adopts the dissenting opinion of Justice Stevens in <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005). Doc. 49 at 8. Quintero argues his case "is in alignment with" <u>Howell v. Crews</u>, Case No. 4:04cv299, 2013 WL 672583 (N.D. Fla. Feb. 23, 2013). Doc. 49 at 9. Quintero then argues the specifics of his <u>Frye</u> claim, at issue in Ground 6, as well as the denial of Ground 4. *Id*. at 9-12. Quintero again cites the alleged language barrier here and lack of educational programs in prison, and further asserts his Rule 60(b) motion is not a successive habeas petition. *Id*. at 13-14, 20-22, 24-26. He says he filed his motion within a reasonable time because "it is only now" that he has been able to understand the issues. *Id*. at 15. Quintero acknowledges that "<u>Holland</u> and <u>Martinez</u> did not mark a change in constitutional law" but argues "they changed the equity principles in the 11th Circuit." *Id*. at 17. Quintero asserts, "It is well within this court's

discretion to 'balance the equities' in a complete exercise of its jurisdiction." *Id*. at 19.

Quintero argues that, contrary to Respondent's claim, extraordinary circumstances exist

here. *Id*. at 23. Quintero also "prays the court to appoint counsel for the purpose of

fully briefing the issues presented and making oral arguments." *Id*. at 27-28.

## Analysis

### Jurisdiction

"Rule 60(b) allows a party to seek relief from a final judgment, and request

reopening of his case, under a limited set of circumstances including fraud, mistake,

and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). In

Gonzalez, the U.S. Supreme Court indicated that a Rule 60(b) motion does not contain

a habeas corpus claim, and thus should not be considered as a successive § 2254

petition, when the motion "attacks, not the substance of the federal court's resolution of

a claim on the merits, but some defect in the integrity of the federal habeas

proceedings." *Id*. at 532; *see* Adams v. Thaler, 679 F.3d at 312, 319 (5th Cir. 2012);

Howell v. Crews, No. 4:04cv299/MCR, 2013 WL 672583, at *3 (N.D. Fla. Feb. 23,

2013).

Here, as explained above, six of the seven claims Quintero raised in his § 2254

petition were denied as procedurally defaulted. *See* Docs. 22 (Report and

Recommendation), 24 (Order Denying Petition). Quintero seeks to reopen his federal

habeas case, challenging the court's determination that his § 2254 claims were

procedurally defaulted, based on intervening Supreme Court decisions. *See* Doc. 44.

Thus, to this extent, because Quintero's Rule 60(b) motion attacks a defect in the

integrity of his prior federal habeas proceeding, this court has jurisdiction to consider the motion.  *See* <u>Gonzalez</u>, 545 U.S. at 532 n.4 (explaining that Rule 60(b) motion does not attack federal court's determination on merits if it "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"); <u>Adams</u>, 679 F.3d at 319; <u>Williams v. Thaler</u>, 602 F. 3d 291, 305 (5th Cir. 2010) (noting court had jurisdiction to consider Rule 60(b) motion where petitioner challenged district court's ruling on procedural default); <u>Howell</u>, 2013 WL 672583 at *3.

### Rule 60(b)(5)

Quintero cites Rule 60(b)(5) in his motion.  He does not appear to make any specific argument concerning this provision, however, which provides the court may relieve a party from a final judgment, order, or proceeding if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Quintero is not entitled to relief, equitable or otherwise, under this portion of Rule 60(b).  *See* Doc. 48 at 11-13; *see also* <u>Hutchinson v. Crews</u>, No. 3:13cv128/MW, 2013 WL 2903530 at *1 (denying motion for reconsideration, considered as motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), concerning dismissal of § 2254 petition as unauthorized successive petition and explaining: "Hutchinson suggests that the equitable principles which guided the <u>Martinez</u> decision provide petitioners with a chance to present ineffective assistance of trial counsel claims regardless of the restrictions in § 2244(b) because otherwise the claims would

never be reviewed. Although <u>Martinez</u> may provide a habeas petitioner with cause to

excuse a procedurally defaulted ineffective assistance of trial counsel claim in a first

federal habeas petition, nothing in the decision suggests that AEDPA's restrictions on

successive petitions are now to be ignored on equitable grounds." (citation omitted)).

**Rule 60(b)(6)**

Quintero also seeks to reopen his case under Rule 60(b)(6), which permits

reopening "when the movant shows 'any . . . reason justifying relief from the operation

of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-

(5)." <u>Gonzalez</u>, 545 U.S. at 529. In particular, Quintero requests the court reopen his

case based on the U.S. Supreme Court's intervening decisions in <u>Holland</u> and <u>Martinez</u>.

*See* Doc. 44.

As Respondent argues, to the extent Quintero relies on <u>Holland</u>, his motion is not

timely. The U.S. Supreme Court issued the <u>Holland</u> decision on June 14, 2010, yet

Quintero did not file the instant motion until December 21, 2012. *See* <u>Howell</u>, 2013 WL

672583 at *4. Thus, Quintero's request was not filed within a "reasonable time" as

required by Rule 60(b). *See id.*

Further, a motion under Rule 60(b)(6) must be supported by "extraordinary

circumstances." *Id*. at *5. Although an intervening change in the law can constitute an

extraordinary circumstance for purposes of this rule, such will rarely occur in the habeas

context. *Id*.; *see* <u>Gonzalez</u>, 545 U.S. at 535 (explaining "our cases have required a

movant seeking extraordinary relief under Rule 60(b)(6) to show 'extraordinary

circumstances' justifying the reopening of a final judgment" and "[s]uch circumstances

will rarely occur in the habeas context").  Neither <u>Holland</u> nor <u>Martinez</u> has been made

retroactive to cases on collateral review or constitutes an intervening change in the law

for the purposes of this case.  *See* <u>Howell</u>, 2013 WL 672583 at *5, *7.  In addition,

Quintero has not shown extraordinary circumstances to justify reopening his federal

habeas case.  *See id*.; <u>Adams</u>, 679 F.3d at 320 ("[I]n denying Adams's initial federal

habeas petition, the district court correctly determined that Adams's claims were

procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of

<u>Coleman</u>[ v. Thompson, 501 U.S. 722 (1991)].  The Supreme Court's later decision in

<u>Martinez</u>, which creates a narrow exception to <u>Coleman</u>'s holding regarding cause to

excuse procedural default, does not constitute an 'extraordinary circumstance' under

Supreme Court and our precedent to warrant Rule 60(b)(6) relief.  The <u>Martinez</u> Court's

crafting of a narrow, equitable exception to <u>Coleman</u>'s holding is 'hardly extraordinary.'

Because the <u>Martinez</u> decision is simply a change in decisional law and is 'not the kind

of extraordinary circumstance that warrants relief under Rule 60(b)(6),' Adams 60(b)(6)

motion is without merit." (citations omitted)).

**New Claims**

Finally, to the extent Petitioner attempts to assert any new claims, such would

render this a second or successive § 2254 motion, for which Petitioner must obtain

authorization from the Eleventh Circuit before seeking relief in this Court. 28 U.S.C.

§ 2244(b)(3)(A); *see* <u>Gonzalez</u>, 545 U.S. at 530-32 (indicating that purported Rule 60(b)

motion containing one or more "claims" for relief from judgment of conviction and

sentence – whether a change in substantive law governing claim, a new ground for

relief, or challenging prior resolution on the merits – is in substance a successive

petition and should be treated accordingly).

## Conclusion

Based on the foregoing, Petitioner Quintero has not shown entitlement to relief

under Rule 60(b).  His motion (Doc. 44) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District

Courts  provides that "[t]he district court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant," and if a certificate is issued "the

court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should

deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis

should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify

appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

Accordingly, it is respectfully **RECOMMENDED** that the Motion for Relief from Judgment filed by JOSE A. QUINTERO, Doc. 44, be **DENIED** and that a certificate of appealability be **DENIED**.

IN CHAMBERS at Tallahassee, Florida, on June 24, 2013.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**